COURT OF APPEAL

PARISH OF ORLEANS

----

8494

MRS. LELLEAN HART, widow of

JOSEPH HARRIS and Natural Tu-

trix of the minor Harris

versus

L. FEIBLEMAN & COMPANY INC.

----------

Court of Appeal
PARISH OF ORLEANS
FILED MAR 13/22

8494

Dinkelspiel; J.

This litigation was brought under the Employers Liability Act, being Act No. 20 of 1914, for injuries received while in the employ of defendant company, as a truck driver, and the allegations of the petition charges that the deceased was in the employ of the defendant for the past several years and was so employed on the 27th day of July, 1921, when without fault upon his part and without warning he was suddenly shot to death by a party of Italians, near the corner of South Rampart and Calliope Streets, within the City of New Orleans, and that deceased was thus foully murdered while discharging his duty to his said employers, the defendant company, by driving a motor truck which he was hired to drive and was holding the wheel of said truck at the time he was shot.

The further allegations are that plaintiff and her child were dependent on the deceased for their support and that deceased was employed ax at the rate of $21.00 per week and judgment is prayed for a period of three hundred weeks at $9.45 per week or a total of $2835.00.

To this petition there was filed exception to the following effect:

"That the petition does not recite, set out or disclose a right or cause of action;

And only in the event that the foregoing exception is not maintained, that the petition is too vague and insufficient to admit of exceptor safely answering."

We are thus presented with whether under the Employers Liability Act, as quoted, there has been stated in the petition, sufficient matter compelling a trial of this cause in the usual manner or whether the exceptions prevail.

In the case of Myers vs. La. Ry. & Navigation Co., 140 La. p. 939, the Court goes on to say:

"The injuries for which recovery may be had under the said Employers' Liability Act must have arisen "out of and in the course of" the employment; and the first contention of defendant is that while the injury in this case arose "in the course of" the employment, it did not arise "out of" it.

This phrase, "out of and in the course of the employment", which in itself appears to be clear enough has given occasion in its interpretation to a great many decisions, both in this country and in England; for it occurs in the workmen's compensation statute of England, which is the prototype of our American statutes upon the same subject, including our said Act No. 20 of 1914.   The Courts have had no difficulty in agreeing that "out of" does not mean the same thing as"in the course of", but means something more; that an injury may have been received "in the course of" the employment, and yet not "out of" it.   Nor has any difficulty been experienced in ascertaining when an injury is to be considered as having arisen "in the course of" the employment; the difficulty has come in applying to concrete cases the phrase "out of". xkxxxmxkxymxxk The Court goes on quoting from L. R. A. 1916A, p. 41, the following:

"It may be stated generally that the phrase "out of and in the course of the employment" embraces only those accidents which happen to a servant while he is engaged in the discharge of some function or duty which he is authorized to undertake, and which is calculated to further, directly or indirectly, the master's business.

The risk must be one peculiarly incident to the employment, and not one incurred by every one, whether in the employment or not.   Where an injury occurs upon a street

from causes to which all persons upon the street are exposed, it cannot be said to arise out of the employment of the injured workman. But it has been said that the criterion is not that other persons are exposed to the same danger; but, rather, that the employment renders the workman peculiarly subject to the danger.

In order that the injury may be one arising out of the employment, the workman must be acting within the scope of his employment at the time of his injury."

Citing from Labatt on Master and Servant, the Court quotes the case of Briant vs. Fissell, 84 N. J. Law, 72, 86; and citing the Supreme Court of Massachusetts in the case of McNicol et al. vs. Employers' Liability Ass'n. Corp. 215 Mass. 497, the Court there held:

"It is sufficient to say that an injury is received "in the course of" the employment when it comes while the workman is doing the duty which he is employed to perform. It arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment. ***** But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but

4.

after the event it must appear to have had its origin in
a risk connected with the employment, and to have flowed
from that source as a rational consequence."

And in Fitzgerald vs. Clarke, 99 L. T. N. S. 101,
1 B. W. C. C. 197, the Court said:

"The words "out of" point to the origin or cause
of the accident; the words "in the course of" to the time,
place and circumstances under which the accident takes place.
The former words are descriptive of the character or quality
of the accident. The latter words relate to the circumstances
under which an accident of that character or quality takes
place. The character or quality of the accident as conveyed
by the words "out of" involves the idea that the accident is
in some sense due to the employment. It must be an accident
resulting from a risk reasonably incident to the employment."

And the Court in the same case quotes numbers of
authorities to maintain and illustrate its position.

In the case of Piske vs. Brooklyn Cooperage Co.
143 La. p. 455, virtually the same doctrine was employed.

In Cyc. Corpus Juris, page 1384, under the head
of Master and Servant:

"(a) Declaration, Petition, or Complaint. The
declaration, petition, or complaint in an action by a ser-
vant against his master to recover for personal injuries is
governed by the general rules of law respecting pleading.
While no express form of words is necessary the declaration
or complaint must set out with certainty and definiteness
all facts necessary to constitute a cause of action, and,
in particular, it must show the existence of the relation
of master and servant at the time of the injury, the nature
and circumstances of the injury complained of, the right of
the servant to be where he was when injured, and that he was
in the performance of the duties of his service, and the
performance of any condition precedent to the right of action.

The cases cited by plaintiff's counsel do not in any way convey the ideas herein set out; they are based on mistaken different theories and have no application to the question in involved.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court aqua be and the same is hereby affirmed.

-Judgment affirmed-